[983 NYS2d 804]

In the Matter of Eric P. Gonchar, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 29, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Ballard Spahr Stillman & Friedman LLP* (*John B. Harris* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Eric P. Gonchar was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 1989. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

In August 2012, the Departmental Disciplinary Committee (Committee) charged respondent with, inter alia, maintaining a side law practice for approximately 11 years without his law firm's knowledge and in contravention of firm policy in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent was also charged with failing to declare the income earned from his side law practice to federal and New York tax authorities in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). By way of answer and subsequent stipulation, respondent admitted the material facts alleged by the Committee but denied the charges.

On December 4, 2012, a hearing on the charges was held before a Referee. The Referee sustained seven out of the nine charges, and on January 28, 2013 convened a sanctions hearing. By report dated March 25, 2013, the Referee recommended that respondent be suspended for one year, noting that respondent had a good reputation, cooperated with the authorities in the investigation, expressed remorse, and took corrective action. The Referee noted, however, that "we are left with an unexcused failure to file complete tax returns and pay taxes for a protracted period of time when [r]espondent was financially able to do so."

By report dated June 21, 2013, the Hearing Panel affirmed the Referee's liability findings but recommended a six-month suspension in lieu of one year.

By petition dated September 16, 2013, the Committee requests an order confirming the Hearing Panel's findings of fact and conclusions of law, but, due to the differing sanction recommendations made by the Referee and Hearing Panel, to impose whatever sanction this Court deems just and proper. By cross motion dated October 8, 2013, respondent requests an order disaffirming both recommendations and instead asks that this Court impose a public censure.

The findings of liability, which are amply supported by the record, are not challenged by respondent and are hereby confirmed. Respondent was not the subject of criminal or tax collection proceedings and took the initiative to resolve his tax liability (albeit after he became the subject of a Committee investigation). In addition, respondent's misconduct is mitigated by an unblemished disciplinary record over his 24-year career, his full cooperation with the Committee's investigation, expressions of remorse, and pro bono legal work. We find, under the circumstances, that a nine month suspension is warranted.

Accordingly, the Committee's petition to the extent of confirming the Hearing Panel's findings of fact and conclusions of law is granted, and respondent is suspended from the practice of law in the State of New York for a period of nine months, effective 30 days from the date hereof. Respondent's cross motion is denied.

ACOSTA, J.P., RENWICK, ANDRIAS, SAXE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of nine months, effective 30 days from

the date hereof and until further order of this Court. Cross motion denied.